UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS CLINTON COLEMAN, | |
| Plaintiff, | Case No. C18-0182-JLR-MAT |
| v. | |
| SNOHOMISH COUNTY CORRECTIONS FACILITY, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Travis Coleman has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated any claim upon which relief may be granted in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on February 2, 2018. (*See* Dkt. 1.) Plaintiff alleged in his complaint that he had been "savagely attacked" by two guards

REPORT AND RECOMMENDATION - 1

at the Snohomish County Jail who were transporting him out of his cell on December 3, 2017. (*See* Dkt. 8 at 3.) According to plaintiff, he was being escorted out of his cell block as a disciplinary measure for yelling and cursing when, after an exchange of words with one of the guards, he was placed in a headlock and tossed violently into a wall causing his elbow to fracture. (*Id.*) Plaintiff claimed that he was then dragged into the hall, that his head was slammed into the back of an elevator, and that one of the guards kept wrenching on his neck despite the fact that plaintiff was offering no resistance. (*Id.*) Plaintiff further claimed that after exiting the elevator, his cuffed hands were pulled behind him up above his shoulders and he was then dragged a lengthy distance down a hall causing him to lose feeling in his arm, shoulder, and torso. (*Id.*) Plaintiff identified the Snohomish County Corrections Facility and the two unnamed transport guards as defendants in his complaint, and he requested damages in the amount of $600,000.

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient and, thus, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 9.) The Court acknowledged therein that plaintiff had indicated he did not know the names of the guards who he claimed had attacked him. (*See id.* at 2-3.) The Court explained, however, that it was simply not possible for plaintiff to proceed against the guards until he provided sufficient identifying information to allow the Court to effectuate service on them. (*Id.* at 3.) The Court also explained in its Order declining to serve plaintiff's complaint that the Snohomish County Corrections Facility was not a proper defendant in this action. (*Id.*)

Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and was advised that his failure to do so would result in a recommendation that this action be dismissed. (Dkt. 9 at 3-4.) Plaintiff was subsequently granted two extensions of time to file his amended complaint. (*See* Dkts. 11 and 15.) Most recently, plaintiff was granted

REPORT AND RECOMMENDATION - 2

an extension of time until September 4, 2018 to file his amended complaint. (Dkt. 15.) Plaintiff was advised in that Order that no further extensions of time would be granted, and that his failure to file an amended complaint by the designated date would result in a recommendation that this action be dismissed. (*Id*. at 1.) To date plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to identify in his original pleading any defendant against whom he could proceed in this action, and because plaintiff failed to file an amended pleading correcting this deficiency, plaintiff has not adequately stated any claim upon which relief may be granted and this action must therefore be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

/ / /

REPORT AND RECOMMENDATION - 3

ready for consideration by the District Judge on **November 16, 2018**.

DATED this 22nd day of October, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4